CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1868.

## S. O. LANDER *v.* SAMUEL A. MILES AND JOHN COLLINS.

VENUE.—On a motion for change of venue for convenience of witnesses, counter affidavits of inconvenience to witnesses of the adverse party were heard.

ARREST.—The crime of assault with a dangerous weapon is a felony, and a person guilty of that offense may be arrested by a private person, although the latter did not see the offense committed.

PREPONDERANCE OF EVIDENCE.—In justification of an arrest, a preponderance of evidence is sufficient, on the point whether the arrested party had committed a felony.

JUSTIFICATION.—Firing a gun upon a person, in order to secure his arrest, is justifiable only where it is necessary. It is not justifiable where the arrest can be secured by less dangerous means.

IN this action the plaintiff claims $20,000 damages, for alleged unlawful arrest, wounding and imprisonment of the plaintiff. The defendants justify, claiming that at the time of the arrest the plaintiff had recently committed a felonious assault with intent to kill, and was fleeing from justice, and that the wounding was necessary in order to secure his arrest.

On the trial, it appeared in evidence, that a few days previous to the arrest, the plaintiff and two others, Wilkins and Card, had a personal rencounter in Washington County, in which the plaintiff fought against the two; that the plaintiff struck one of them with a gun-barrel, injuring him severely, and also struck one of them with a pitchfork-handle. All the parties had been drinking to excess. The evidence is conflicting as to who made the first assault, and as to the degree of violence used against the plaintiff. After the rencounter the plaintiff fled, a warrant was issued for his arrest, and placed in the hands of the sheriff of Washington County, and the sheriff offered, and published notice of, a reward for the plaintiff's apprehension. The defendants, at or near St. Helens in Columbia County, discovered the plaintiff, passing down the Columbia River alone in a skiff. They procured a skiff, pursued, overtook and hailed the plaintiff, who reached the bank of the river, and was in the act of stepping out of his skiff on to land, to elude their pursuit, when the defendant Collins fired with a rifle upon the plaintiff, from the pursuing boat (which was twenty or thirty feet from the plaintiff). The rifle-ball broke the plaintiff's leg; and the limb was afterwards amputated near the body, in consequence of the wound.

The defendant, in justification, had answered that at the time of the wounding the plaintiff was fleeing from justice, stating facts to show that the plaintiff had recently committed

a felonious assault with a dangerous weapon, and with intent to kill, and that the shooting was necessary in securing his arrest. There is also in the answer a statement that the plaintiff was charged with that offense, that a warrant had been issued, and that the plaintiff was fleeing on that account, and that the defendants were acting in good faith, for the purpose of making the arrest, and without malice.

*J. F. Caples, Esq.*, for the plaintiff.

*Judge E. D. Shattuck*, for the defendants.

The defendants moved for a change of venue, on the ground of convenience to witnesses; showing the names of their witnesses, residing at St. Helens, the place of holding the circuit court for Columbia County. The plaintiff filed counter affidavits, showing the residences of an equal number of his witnesses to be in Washington County; and in such direction, as to compel them to pass the place of holding this court, to reach St. Helens.

The defendants claimed that counter affidavits cannot be heard on a motion for a change of venue.

The court refused to strike out the counter affidavits, and, after argument, overruled the motion to change the place of trial.

A jury being impanneled, and the evidence and arguments of counsel submitted, UPTON J. instructed the jury as follows:

The plaintiff sues to recover for an alleged assault and battery, and for alleged false imprisonment.

The defendants, among other grounds of defense, seek to justify their acts on the ground that those acts were done in the lawful arrest of the plaintiff. The defendants have also offered proof in mitigation of damages.

If the plaintiff has made out a *prima facie* case, that is, if he has proved such facts as show in him a right to recover damages, the burden of proof is thrown on the defendants. And in that case, it becomes material to consider, whether the defendants have established a justification.

And if a justification is not shown, it will be proper to consider whether the circumstances should operate in mitigation of damages, and if at all, to what extent.

The jury should carefully distinguish between what is a justification, and what are only circumstances in mitigation.

A justification is where the act is shown to have been lawfully done.

Circumstances are in mitigation of damages only when they do not tend to show that the act was lawful, but merely tend to show that it was done without bad motives.

For instance, the warrant issued to the sheriff of Washington county, or the notice of a reward offered for the plaintiff's arrest, are neither of them evidence tending to show a justification; for neither of them added anything to the rights or power of the defendants in making the arrest; but they are evidence in mitigation of damages, tending to show that the defendants acted with good motives.

A private person may arrest another:

"For a crime committed or attempted in his presence."

"When the person arrested has committed a *felony*, although not in his presence;" and

"When a *felony* has in fact been committed, and *he has reasonable cause* for believing the person arrested to have committed it."

If the plaintiff committed a *felony*, on occasion of the rencounter with Wilkins and Card, the defendants had a right to arrest him.

"A felony is a crime punishable with death, or which is, or *may be* punishable by imprisonment in the penitentiary of this State."

A simple assault is not a felony. But an assault with intent to kill, or an assault with a dangerous weapon, may be punished in the state penitentiary, and is, consequently, a felony.

In determining whether the plaintiff committed a felony at the time of that rencounter, is involved what is called the law of self-defense. Because the plaintiff claims that whatever violence he used on that occasion was in the necessary defense of his own person. Where one, who has not sought

the quarrel and is otherwise without fault, is assaulted, he has a right to use all proper and necessary means to defend and protect his person. But if in the rencounter he uses more force and violence than is necessary for his protection and safety, he becomes himself the aggressor, and becomes also guilty of an assault. And when a rencounter has been brought on by his adversary, if after all danger to his person has ceased, he unnecessarily, wantonly and dangerously beat his adversary with a dangerous weapon with which he is armed, he is guilty of a felony.

It is for you to determine, as a question of fact, whether the plaintiff committed a felony on occasion of that rencounter. The burden of proof is on the defendant to establish that fact, but it is to be decided according to the preponderance of evidence; this being a civil case; and he is not required to satisfy you beyond a reasonable doubt.

If you find that the plaintiff did commit a felony on that occasion, it will be your duty to determine whether or not the mode of making the arrest is such as can be justified.

Firing a gun upon a person in order to secure his arrest, is justifiable only when it is necessary. It is not justifiable when the arrest can be secured by less dangerous means. It is a question of fact for you to determine whether the shooting was necessary, in order to arrest the plaintiff.

If you find that the plaintiff had committed a felony on the occasion of the rencounter, and that the shooting was necessary in order to make the arrest, you will find for the defendants.

If you do not find both of these matters in the affirmative, the plaintiff will be entitled to damages; and it will be for you to determine from the facts established by the proofs what will be a just compensation to be recovered by the plaintiff under all the circumstances of the case.

If you find for the plaintiff, the amount recovered by him should be as *compensation*. Punishment should not in this case be treated as an object of the action, and it is not a case calling for exemplary or vindictive damages.

The jury returned a verdict for the plaintiff of $4,800.